UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH L. NELSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 14 C 06072 |
| | ) Hon. Marvin E. Aspen |
| DB SHENKER LOGISTICS INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Court Judge:

Presently before us is Defendant Shenker, Inc.'s [1] ("Shenker") partial motion to dismiss Count II of Plaintiff Joseph L. Nelson's ("Nelson") complaint alleging unlawful retaliation based on Nelson's race. For the reasons discussed below, we grant Shenker's partial motion to dismiss. Nelson's discrimination claim against Shenker, based on his allegedly wrongful suspension, remains pending.

**BACKGROUND**

Nelson, a pro se litigant, filed his complaint on October 22, 2014. He is a Shenker employee, but is currently on indefinite suspension, without pay. (Compl. ¶¶ 1, 22, 26, 28, 39.) Nelson alleges that Shenker suspended him and retaliated against him because of his race in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000(e) *et seq.* ("Title VII"). (*Id.* ¶¶ 1, 27, 33, 38.)

Nelson began working at Shenker in November 2008 and was promoted to a forklift

---

[1] Defendant's proper name is Shenker, Inc., not DB Shenker Logistics Inc. as referred to in Nelson's complaint. (Mem. at 1 n.1.) If the parties wish to formally correct the caption, they may file an appropriate motion.

1

operator in February 2009. (*Id.* ¶¶ 10–13.) In May 2009, Shenker began using temporary workers alongside Nelson and other permanent warehouse employees to do the same work. (*Id.* ¶ 12.) Shenker, however, paid the temporary workers a higher hourly rate than their permanent counterparts. (*Id.*) Upon learning about the pay discrepancy, Nelson and a group of other permanent workers approached Shenker's Regional Manager in July and again in September of 2009. (*Id.* ¶¶ 13–14.) During these two meetings, Nelson as spokesperson, and others expressed their discontent with Shenker's practice of paying temporary workers more than permanent workers. (*Id.*) In response, on or about September 17, 2009, Shenker's supervisors gave pay raises to all of its permanent workers except Nelson. (*Id.* ¶ 15.) Instead, Shenker "offered" Nelson a pay decrease of $0.50. (*Id.* ¶¶ 15–16.) Nelson protested Shenker's offer to be paid less than his colleagues who were performing similar work. (*Id.* ¶ 16.)

On September 19, 2009, Nelson took a "paid vacation leave" from work. (*Id.* ¶ 17.) Shortly thereafter, Nelson discovered that he was being investigated for allegedly bringing a gun to work, but was allowed to continue working. (*Id.* ¶¶ 18–19.) On September 25, 2009, Nelson received a paycheck from Shenker that included payment for his vacation time. (*Id.* ¶ 20.) Nelson noticed that Shenker paid him $0.50 less than his usual hourly rate for the vacation time, (*id.* ¶ 20), and we infer that Shenker had implemented the $0.50 pay decrease that it previously "offered" Nelson. Nelson contested the pay discrepancy with his supervisors, who told him it would be investigated. (*Id.*) A week later, Nelson again approached his supervisors to ask about the same pay discrepancy and his supervisors told him that the matter was still under investigation. (*Id.* ¶ 21.)

A few days later, on October 6, 2009, Nelson received a phone call from his supervisors. (*Id.* ¶ 22.) They informed him that he was under investigation for allegedly selling drugs at

2

work, and they suspended him until further notice.  (*Id.*)  Nelson currently remains on indefinite suspension without pay.  (*Id.* ¶ 1.)

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is meant to "test the sufficiency of the complaint, not to decide the merits of the case." *Gibson v. City of Chi.,* 910 F.2d 1510, 1520 (7th Cir. 1990).  In evaluating a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  *Thompson v. Ill. Dep't of Prof'l Regulation,* 300 F.3d 750, 753 (7th Cir. 2002).  A court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks enough facts "to state a claim [for] relief that is plausible on its face."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949–50 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)); *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618–19 (7th Cir. 2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678, 129 S. Ct. at 1949.  Although a facially plausible complaint need not contain "detailed factual allegations," it must allege facts sufficient "to raise a right to relief above the speculative level."  *Twombly,* 550 U.S. at 555, 127 S. Ct. at 1964–65.  These requirements ensure that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests."  *Id.* at 555, 127 S. Ct. at 1964.

A pro se complaint must be construed liberally, and is "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Nonetheless, procedural rules limit the latitude afforded a

pro se litigant. *See Members v. Paige,* 140 F.3d 699, 702 (7th Cir. 1998); *Thompson v. Jones,* No. 11 C 1288, 2012 WL 3686749, at *3 (N.D. Ill. Aug. 24, 2013).

## ANALYSIS

The applicable Title VII retaliation provision declares that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because [the employee] has opposed any practice made an unlawful employment practice by this subchapter. . . ." 42 U.S.C. § 2000e-3(a). To state a retaliation claim, the plaintiff must, among other things, allege that he "engaged in a statutorily protected activity." *Dickerson v. Bd. of Trs. of Comm. Coll. Dist. No. 522*, 657 F.3d 595, 601 (7th Cir. 2011); *Amrhein v. Health Care Serv. Corp.*, 546 F.3d 854, 859 (7th Cir. 2008); *Gates v. Caterpillar, Inc.*, 513 F.3d 680, 686 (7th Cir. 2008).

To gain Title VII protection, Nelson must have indicated to his employer that he was complaining about the employer's alleged discrimination. *See Hamm v. Weyauwega Milk Prods., Inc.*, 332 F.3d 1058, 1066 (7th Cir. 2003) ("Title VII protects an employee from retaliation for complaining about the types of discrimination it prohibits."); *see also Sitar v. Indiana Dep't. of Transp.*, 344 F.3d 720, 727 (7th Cir. 2003) (holding that a sexual harassment plaintiff failed to invoke any action protected by the Title VII retaliation provision where she "complained only that she felt picked on, not that she was discriminated against 'because of' sex or gender, which is what Title VII requires.").

> An employee, of course, need not use the words "[race] discrimination" to bring [his] speech within Title VII's retaliation protections. But [he] has to at least say something to indicate his [race] is an issue. An employee can honestly believe [he] is the object of discrimination, but if [he] never mentions it, a claim of retaliation is not implicated, for an employer cannot retaliate when it is unaware of any complaints.

4

*Miller v. Am. Family Mutual Ins. Co.*, 203 F.3d 997, 1007–08 (7th Cir. 2000); *Cf. Dey v. Colt Constr. & Dev. Co.*, 28 F.3d 1446, 1458 (7th Cir. 1994) ("[T]here generally can be no causal link between protected activity and an adverse employment action if the employer remained unaware of the protected activity.").

Nelson alleges that Shenker placed him on indefinite suspension from work without pay because of "personal animosity" toward him for opposing "unfair/unequal employment pay practices." (Compl. ¶ 1.) To support that allegation, Nelson claims that he contested pay discrepancies between temporary and permanent workers, between himself and other permanent workers, and between his normal pay rate and the rate he received for his paid time off. (*Id.* ¶¶ 13–20.)

Nowhere in Nelson's complaint, nor in his answer to Shenker's partial motion to dismiss, does Nelson allege that he informed Shenker that he was complaining about *racial discrimination*. Although Nelson did not have to use the specific words "racial discrimination," he did have to signal to his employer that he felt mistreated because of his protected status. This step is a prerequisite to gaining Title VII protection. After all, it is impossible for Shenker to have *retaliated* against Nelson for asserting his rights under Title VII if Shenker did not know that Nelson was asserting his rights under Title VII in the first place. Accordingly, Nelson's complaints about discrepancies in pay are not an adequate foundation for a retaliation claim.

Nelson additionally alleges that Shenker retaliated against him because he exercised his "first amendment rights to speak out in opposition of [sic] disparity in pay as allowable under defendant Shenker's Open Door Policy." (*Id.* ¶ 27.) Nelson's allegation that the First Amendment and his employer's Open Door Policy allegedly protected his complaints is insufficient to state a claim for retaliation under Title VII. Title VII simply does not protect

5

employees from retaliation for asserting such rights.

For these reasons, we grant Shenker's partial motion to dismiss Nelson's retaliation claim, without prejudice as to refiling. *Ammons-Lewis v. Metro. Water Reclamation Dist. Of Greater Chi.*, 11 C 6920, 2012 WL 1802148, at *3 (N.D. Ill. May 17, 2012) (dismissing plaintiff's unexhausted ADA claim without prejudice, in case plaintiff could exhaust her administrative remedies and later re-plead a proper claim); *see also Van Pelt v. Roosevelt Univ.*, 13 C 3953, 2014 WL 1228418, at *5 (N.D. Ill. Mar. 25, 2014) (dismissing a pro se retaliation claim without prejudice, in case plaintiff could re-plead adequate facts to support that claim).

## CONCLUSION

As discussed above, we grant Defendant Shenker's partial motion to dismiss Count II of Plaintiff Nelson's complaint alleging retaliation. Nelson may proceed with his discrimination claim against Shenker, based on his indefinite suspension without pay. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: March 23, 2015
Chicago, Illinois